*MHW*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**RECEIVED**

JUL 7 2008 *new*
7-7-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Jesse M. Hatch

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

08cv3847
JUDGE COAR
MAG. JUDGE COX

vs.

Case No: _____
(To be supplied by the Clerk of this Court)

Terry McCann

Deirdre Battaglia

Major Matrisciano

Unknown Mail Room

Supervisor

Roger E. Walker, Jr.

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

X    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION
1983 U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION),
TITLE 28 SECTION 1331(a) U.S. Code (federal defendants)

X    OTHER (cite statute, if known) 42 USC 1997

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

1

I.   **Plaintiff(s):**

A.   Name: _Jesse M. Hatch_

B.   List all aliases: _None_

C.   Prisoner identification number: _N-32521_

D.   Place of present confinement: _Stateville Correctional Center_

E.   Address: _P.O. Box 112, Joliet, IL 60434_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II.   **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.   Defendant: _Terry McCann_

Title: _Warden_

Place of Employment: _Stateville Correctional Center_

B.   Defendant: _Deirdre Battaglia_

Title: _Former Warden_

Place of Employment: _Stateville Correctional Center_

C.   Defendant: _Major Matrisciano_

Title: _Mail Room Supervisor_

Place of Employment: _Stateville Correctional Center_

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

II. Defendants.

D. Roger E. Walker, Jr., Director of the Illinois Department of Corrections

E. Unknown Mailroom Supervisors

III.    Exhaustion of Administrative Remedies

You are required to exhaust all your available administrative remedies before bringing
an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES (X)  NO ( )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES (X)  NO ( )

C.    If your answer is YES:

1.    What steps did you take?   Filed grievances on
the institutional level

2.    What was the result?   denied

3.    If the grievance was not resolved to your satisfaction, did you appeal?   Yes

What was the result (if there was no procedure for appeal, so state.)

Appealed to Administrative Review
Board — grievance Appeal denied

D.    If your answer is NO, explain why not:

3

E.    Is the grievance procedure now completed? . YES ( X )  NO (  )

F.    If there is no grievance procedure in the institution, did you complain to authorities?  YES ( )  NO ( )    Not Applicable (N/A)

G.    If your answer is **YES**:

1.    What steps did you take?

_(N/A)_

_____

_____

_____

2.    What was the result?   ( N/A )

_____

_____

_____

H.    If your answer is **NO**, explain why not:   (N/A)

_____

_____

_____

_____

IV.    List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois):

A.    Name of case and docket number:    _See    pAge   5 (a)_

B.    Approximate date of filing lawsuit: _____

C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
_____
_____
_____

D.    List all defendants: _____    _____
_____
_____
_____

E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____

F.    Name of judge to whom case was assigned: _____
_____

G.    Basic claim made: _____
_____
_____

H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____
_____
_____

H.    Approximate date of disposition: _____

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

5

IV.

I have Filed Numerous lawsuits Over the past 25 years. Unfortunately, I do not the Relevant information Requested by this Section IV, due to prison officials Restriction of personal property. However, many of these lawsuits were Filed in the U.S. District Courts For the Northern, Central, and Southern Districts of Illinois.

V.    Statement of Claim:

State here as briefly as possible the facts of your case.  Describe precisely how each
defendant is involved.  Include also the names of other persons involved, dates, and
places.  Do not give any legal arguments or cite any cases or statutes.  If you intend
to allege a number of related claims, number and set forth each claim in a separate
paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

A.    ON MARCH 22, 2005, I Received a
letter From my lawyer, the State Appellate
Defender, that was Clearly marked as "Legal
Mail" and was opened by mail room staff
Outside my presence.  Illinois Department
of Corrections Rule #525.140 (a)(b),(c)
sets in place and establishes procedures
For the opening and inspection of clearly
marked "Legal" and "Privileged" mail.
Legal and Privileged mail must be
Opened in the presence of the inmate.
~~A letter from the state appellate defender~~
~~the march 22, 2005 letter from the~~ As
Stated, the March 22, 2005, letter From
the Office of the State Appellate Defender
was opened outside my presence, and
Read and inspected.  The letter's
envelope had written on to it the words:
"Opened by Mistake — Not Read".  A
Copy of the envelope is attached

6

here to as Plaintiff's exhibit "B".

B.    On March 31, 2005, I received a letter from Jude Martin S. Agran, of the Circuit Court of Cook County, which came to me opened, and my belief that such letter was also read. A copy of the envelope is attached hereto as Plaintiff's exhibit "C". On April 27, 2005, I Filed A written grievance and complained about the two incidents of opening legal mail outside the presence of the inmate. My grievance clearly alleged the existence and ongoing policy, practice, and procedure by the Stateville Mailroom of routinely opening and reading my legal mail outside my presence. A copy of that grievance is attached hereto as exhibit "D". The Counselor's Response section of the grievance confirms and indicates that the mailroom staff indicated that both envelopes were opened by mistake. See: Exhibit "D".

7

C,    ON JANUARY 11, 2006, I received a large envelope from the Stateville mail-room clearly marked "Attorneys at Law". The envelope was from the law firm "Pierce And Associates", 1 North Dearborn Street, Chicago Illinois. The envelope was opened outside my presence, in violation of IDOC Rule #525, 140 (a), (b), (c). The legal briefs contained inside the envelope were un-fastened, and taken apart. I Filed A written grievances concerning the latest opening of my legal mail on January 23, 2006. In that grievance, I complained about the opening of my legal mail in the calendar year 2005, and that State-ville has a policy and practice of opening my clearly marked legal mail. A copy of this grievance is attached hereto As Plaintiff's Exhibit "E". A copy of the legal envelope is attached hereto as Plaintiff's Exhibit "F".

The Counselor's Response section of the grievance indicated that the envelope was "probably opened by mistake". <u>See</u> Counselor's Response. An Appeal was taken to the Director, Roger E. Walker, who denied the grievance, indicating that the mailroom staff idicated the envelope was opened mistakenly, and advised to examine envelopes more carefully. The Administrative Review Board denied the grievance, and Director Walker concurred in that decision. A copy of the Administrative Review Board Findings is Attached hereto and Filed as Plaintiff's Exhibit "G".

D.    On May 29, 2007, Counselor Margret Thompson came to my cell with an envelope from the Illinois House of Representatives, that contained an audio tape recording of House Judicial proceedings. The mail was opened, and post marked February 14, 2007, yet, I did

9

Not Receive the mail and Audio tape until three and a half months after it was postmarked. A copy of the envelope is attached hereto As Plaintiff's Exhibit "H". The mail from the Illinois House of Representatives is clearly defined as "privileged" mail, and as such is to be opened in the presence of the inmate. IDOC Rule #525. 110 (f)(11), and #525. 110 (g), defines "privileged" and "legal" mail.

On June 6, 2007, I filed a written grievance concerning the opening of Plaintiff's legal mail. I complained of Stateville's continuing policy of opening clearly marked legal mail, and that the mail was postmarked on February 14, 2007, yet, I did not receive the legal mail until 3½ months later. A copy of the grievance is attached hereto as Plaintiff's Exhibit "I".

10

The Counselor's Response to my grievance indicated that " due to these being requested through FOI Request, they are Not considered legal mail. Memo Received, tape picked up, then delivered. Counselor Thompson was Not Notified these were considered legal". See, Counselor's Response.

I Forwarded the grievance and the Counselor's Response to the Grievance Officer, along with my written letter of July 8, 2007. I argued in my written letter that the Counselors Response to my grievance Never addressed the 3½ month delay in Receiving my legal mail. I also Argued that had Not my legal mail been opened, and Read, the Counselor would Not have known that I used the FOIA to access legislative materials from the Illinois legislature, that is clearly defined As "privileged" mail, and must be Opened in the presence of the inmate. A copy of this letter is Attached hereto As Plaintiff's Exhibit " J".

11

Stateville's Grievance Officer Tammy Garcia denied Plaintiff's grievance indicating that because these "were Requested through FOI Request, they Are Not considered legal mail". "The Grievance Officer Reviewed grievance And Concurs with counselor's Response. In addition, mail is processed as it comes in and there is no malicious intent Substantiated in withholding mail. A Copy of the Grievance Officers Report is Attached hereto and Filed As Plaintiff's Exhibit "K". Warden McCann Concurred with the Grievance Officer, on July 11, 2007. See, Exhibit K.

On August 6, 2007, I appealed the Grievance Officer and Warden McCann's Concurrance to the Administrative Review Board and Director Roger J. Walker. In this Appeal, I stated that I have had an ongoing problem with Stateville's mailroom opening

my legal mail. I Also stated that the mailroom staff Read my legal mail after opening it, to determine and offer the excuse that because the mail was in Response to a Freedom of Information Request, it was not considered legal. A copy of my Appeal to the Administrative Review Board is Attached As Plaintiff's Exhibit "L".

On October 15, 2007, the Administrative Review Board denied my Appeal, and indicated that mail from the Illinois House of Representatives is "privileged" And Not legal. The Board Recommended that Warden McCann is to Reiterate the importance of timely processing of mail. A copy of the ARB's Response which Director Walker concurred with is attached hereto as Exhibit "M".

13

E.     ON October 10, 2007, I received a letter From Presiding Judge, Dorothy Kirie Kinnaird, of the Circuit Court of Cook County. The mail was clearly marked that it was from a Judge, and Opened. The mail was Opened and Read out of my presence in Clear Violation of IDOC Rule # 525. 140 (a), (b), (c). A copy of the envelope is Attached hereto As Plaintiff's Exhibit "N".

ON October 15, 2007, I filed a written grievance concerning the Opening of my legal mail. The ~~Prison Administration Officer~~ Counselor's Response to my grievance indicated that the mail was mistakenly Opened. A copy of the grievance is Attached hereto As Plaintiff's Exhibit "O". The grievance was Forwarded to the Grievance Officer, and on February 4, 2008, the Grievance Officer Amy Workman Denied my Grievance. The grievance

14

OFFICER STATED that the MAIL WAS Mistakenly opened, and that there WAS NO malicious or deliberate intent to open grievant's legal mail. WARDEN McCANN concurred in the Grievance OFFICER's denial on February 7, 2008. A copy of the Stateville Grievance Officer's Findings And WARDEN McCANN's Concurrence is Attached hereto As Plaintiff's Exhibit "P."

ON MAY 29, 2008, upon my Appeal OF this grievance to the Administrative Review Board, And Director Roger E. WALKER, JR, the grievance Appeal WAS denied. Roger WALKER also concurred in that Finding. A copy OF that the ARB denial is Attached hereto As Exhibit "Q".

# Legal Claim

A.   Defendant's McCann, Battaglia, Matrisciano, and other Unknown Mailroom Supervisors, opened my clearly marked legal and privileged mail outside my presence in violation of clearly established prison Rules, # 525, 140 (a), (b), (c), on numerous dates evincing a pattern, policy, and custom to Read, inspect, or copy my legal letters that cannot be opened outside my presence in violation of Rule # 525. 140 (a), (b) (c); # 525. 110 (g); # 525. 110 (F) (11).

B.    Defendants' McCann, Battaglia, Matrisciano, and other Unknown Mailroom Supervisors, displayed a "Continuing" pattern of opening my legal and privileged mail in violation of clearly established prison Rules against such conduct and practice

Which violates Plaintiff's due process Rights under the 14th Amendment to the United States Constitution and Plaintiff's First Amendment Right to communicate with the Courts, Attorneys, and Judges, and legislative members without prison officials practice of opening, Reading, and/or ~~xxxxxxxx~~ copying of such privileged communications.

C.    Defendants MATRISCIANO, the mailroom supervisor, and other Unknown Mailroom supervisor, knew that there are Rules Against opening, inspecting, Reading, and delaying for 3 1/2 months the giving of Plaintiff his privileged Mail from State legislators and the Audio tape, in violation of Plaintiff's First and 14th Amendment Rights.

D. Defendants' McCann, Battaglia, Matrisciano, Walker, And Unknown Mailroom Supervisor

had the power and authority to prevent the continuing violation of Plaintiff's 1st and 14th Amendment Rights to the ~~opening~~ opening, reading, copying, and delay in delivery of plaintiff's privileged mail, but refused to do so despite numerous grievances from plaintiff, asking for relief. Defendant's knew of clearly established prison Rules that forbid Defendant's practice, policy and custom regarding opening plaintiff's legal and privileged mail, but failed to intervene.

VI.    Relief:

State briefly exactly what you want the court to do for you.  Make no legal arguments.
Cite no cases or statutes.

I Am Seeking injunctive And
declaratory Relief to stop this
PRActice, And Monetary damages.

I declare under penalty of perjury that all facts
given in the complaint are true and correct.

Signed this 25th day of June, 2008

Jesse M. Hatch

(Signature of plaintiff or plaintiffs)

N-32521

(I.D. Number)

POST OFFice Box 112
Joliet, IL 60434

(Address)

19

OFFICE OF THE STATE APPELLATE DEFENDER
FIRST JUDICIAL DISTRICT
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601

OPENED BY MISTAKE-
NOT READ

CONFIDENTIAL
LEGAL MAIL

6c2634+0112

D544

Mr. Jesse M. Hatch
Register No. N-32521
Stateville Correctional Center
P.O. Box 112
Joliet, IL 60434

MAR 21 2005

Exhibit "B"

CIRCUIT COURT OF COOK COUNTY
MARTIN S. AGRAN, JUDGE
CHICAGO, ILLINOIS 60602

DS 744

6c4349-0112

Mr. Jesse M. Hatch
Register Number N-32521
Post Office Box 112
Joliet, Illinois 60434





Exhibit "C"

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

| Date: April 27, 2005 | Committed Person: (Please Print) Jesse M. Hatch | ID#: N-32521 |

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |

**NATURE OF GRIEVANCE:**

☐ Personal Property    ☑ Mail Handling    ☐ Restoration of Good Time    ☐ Disability
☐ Staff Conduct    ☐ Dietary    ☐ Medical Treatment    ☐ Other (specify):
☐ Transfer Denial by Facility    ☐ Transfer Denial by Transfer Coordinator

Received Grievance Office
DEC 0 9 2005
STA # 2367

☐ Disciplinary Report: ___/___/___
       Date of Report        Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary
administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief
Administrative Officer.

Brief Summary of Grievance: On March 22, 2005, I received ~~XXXX~~ a letter from the
Office of the State Appellate Defender, that came to me via regular
institutional mail, ~~and not through the legal mail officer~~. The mail room
wrote on the front of the envelope "opened by mistake – not read."
A copy of the envelope is attached hereto as Exhibit # 1. Also, on March
31, 2005, I received a letter from Judge Martin S. Agran, the circuit
court of Cook County, which also came to me via regular institutional
mail. It was opened, and possibly read. A copy of this envelope is
attached hereto as Exhibit # 2. This practice, pattern, or policy of
the Stateville Mailroom of routinely opening and reading my clearly marked

Relief Requested: Monetary damages.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_Jesse M. Hatch_      N-32521      4, 27, 05
Committed Person's Signature      ID#      Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 5, 5, 05    ☐ Send directly to Grievance Officer    ☐ Outside jurisdiction of this facility. Send to
Administrative Review Board, P.O. Box 19277,
Springfield, IL 62794-9277

Response: This issue was addressed to mail
room staff. Both envelopes were
opened by mistake.

S. BASS _[signature]_      5, 10, 05
Print Counselor's Name      Counselor's Signature      Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___    Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated.
Committed person should submit this grievance
in the normal manner.

_____
Chief Administrative Officer's Signature      Date

legal mail continues to be in violation of Illinois Department of
Corrections Rules regarding the opening of legal mail in the presence of
the inmate, and it is not to be read under any circumstances.  By opening
my legal mail outside my presence, I can only assume that my legal mail
has been read outside my presence.  This continues to be ongoing problem
where on two other separate occasions my legal mail has been opened
outside my presence and read.  Those two separate grievances are now
pending before the Grievance Officer at Stateville. Because this
problem of opening and reading my legal mail continues to exist after
despite grievances on the matter, I can only believe that such practice
is the policy and custom of Stateville and that legal action is the only
way to prevent Stateville Officials from opening and reading my legal mail
outside my presence.  My First Amendment right to unfettered access to the
courts is being violated by opening "privileged" communication from
the courts.

*Exhibit 7* Case 1:08-cv-03847 Document 1 Filed 07/07/2008 Page 26 of 42

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE**

| Date: January 23, 06 | Offender: (Please Print) Jesse M. Hatch | ID#: N-32521 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify):

- [ ] Disciplinary Report: ___/___/___
  Date of Report     Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On January 11, 2006, I received an envelope from the prison mailroom that was clearly marked from attorneys at law. The envelope did not come to me by the legal mail officer, but, rather the regular mail. The envelope was clearly opened, and the legal briefs contained therein were taken apart where they had originally been fastened together by plastic fasteners. This is not the first time that I have had my legal mail be sent to me opened, and not by the legal mail officer. During the calendar year 2005, I have had several legal letters from attorneys and State court judges clearly marked as legal mail come to me opened outside of my presence. This

Relief Requested: Compensation of $5000.00 for opening clearly marked legal mail.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

_____    _____    ___/___/___
Offender's Signature     ID#     Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 1/25/06

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 82794-9277

Response: Mailroom states envelope was probably opened mistakenly due to small lettering. Mailroom staff has been advised to examine envelopes more carefully.

MThompson    M. Thompson    2/14/06
Print Counselor's Name    Counselor's Signature    Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
- [ ] Yes: expedite emergency grievance
- [ ] No: an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____     ___/___/___
Chief Administrative Officer's Signature     Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

practice clearly offends Illinois Department of Corrections
Rule 525.140(a)(b)(c), where the legal mail was clearly marked as
such, yet still opened outside my presence. Further, the mail was
received at the institution on January 6, 2006, yet I did not receive
this legal mail until January 11, 2006. This in clear violation of
Department Rule 525.120(a) that "[m]ail shall be delivered and posted
promptly." Receiving legal mail 5 days after it arrives at the
institution is not receiving such legal mail promptly, or delivered
promptly. I have attached copies of the legal envelope, front and
back to verify this claim.

Exhibit "F"



Jesse Hauch
Registration Number N-32521
P.O. Box 112
Joliet, IL 60434

*Exhibit* "*G*"

**Rod R. Blagojevich**
Governor

# Illinois
### Department of
# Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL 62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

June 23, 2006

Jesse Hatch
Register No. N32521
Stateville Correctional Center


Dear Mr. Hatch:

This is in response to your grievance received on May 8, 2006, regarding Mailroom (Legal Mail Opened Prior to Delivery 1/11/06) and (Legal Mail Received at Facility 1/6/06 and Delivered 1/11/06), which were alleged to have occurred at Stateville Correctional Center. This office has determined the issues will be addressed without a formal hearing.

This office has reviewed your written grievance dated January 23, 2006 regarding the above issues.

The Grievance officer's report (0337) and subsequent recommendation dated April 3, 2006 and approval by the Chief Administrative Officer on April 11, 2006 have been reviewed.

Per the Grievance officer's report, Mailroom Staff advised that the envelope was mistakenly opened and staff have been advised to examine envelopes more carefully.

This office reviewed the documentation (photocopy of envelope) submitted by Offender Hatch and notes that while the return address does state "Attorneys at Law", "Legal Mail" is not marked on the envelope, which assists staff in clearly identifying such mail during the volume of mail intake. Additionally, Department Rule 525 incorporates "legal" mail also as privileged mail. Incoming "privileged" mail must be *clearly* marked as such, and it *may be* opened in the presence of the offender to inspect for contraband. This may account for the papers having been allegedly separated.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance and relief requested of $5000.00 be denied; as this office cannot substantiate that staff intentionally opened legal mail. Also, Mailroom Staff have already advised the Grievance Officer that staff have been advised to watch mail more closely. Furthermore, Offender Hatch has failed to demonstrate any true violations of rights or damages incurred by this event.

FOR THE BOARD: Sherry Benton
Administrative Review Board
Office of Inmate Issues


CONCURRED: Roger E. Walker Jr.
Director

cc:    Warden Deirdre Battaglia, Stateville Correctional Center
       Jesse Hatch, Register No. N32521

MARK MAHONEY
CHIEF CLERK
BRADLEY S. BOLIN
ASST. CHIEF CLERK

**OFFICE OF THE CLERK**
ILLINOIS HOUSE OF REPRESENTATIVES
ROOM 402 STATE CAPITOL, SPRINGFIELD, ILLINOIS 62706

Jesse M. Hatch
Register Number N-32521
Post Office Box 112
Joliet, Illinois 60434

D530

Exhibit "H"

*Exhibit I*

| Date: June 6, 07 | Offender: (Please Print) Jesse M. Hatch | ID#: N-32521 |
|---|---|---|

| Present Facility: Stateville | Facility where grievance issue occurred: Stateville |
|---|---|

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [x] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify):

- [ ] Disciplinary Report: ____/____/____
  Date of Report          Facility where issued

*Received Grievance Office JUL 1 1 2007*

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

Complete: Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

Brief Summary of Grievance: On May 29, 2007, Counselor M. Thompson, came to my cell with an envelope from the Illinois House of Representatives, that contained an audio cassette tape recording of House Judicial Proceedings. The mail was post marked February 14, 2007, however, I did not receive the mail until 3 and a half months after it was mailed to me. I have attached a copy of the envelope hereto. Also, the mail did not come to me by the legal mail officer. The mail was clearly marked from the Illinois House of Representatives, and was clearly "legal mail" as defined by 20 Ill. Admin. Code, §525.110(f)(11); and §525.110(g), and opened outside my presence. I have received other mail from the Illinois House of Representatives, that

Relief Requested: Monetary damages for the delay in delivering mail, and the opening of legal mail.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

*Jesse M. Hatch*          N-32521          6, 6, 07
Offender's Signature                ID#              Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 6, 7, 07

- [ ] Send directly to Grievance Officer
- [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Due to these being requested through FOI request, they are not considered legal mail. Memo received, tape picked up, then delivered. Counselor Thompson was not notified these were considered "legal."

Shirley J. Roberts          *Shirley J. Roberts*          06, 15, 2007
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ____/____/____

Is this determined to be of an emergency nature?

- [ ] Yes; expedite emergency grievance
- [ ] No; an emergency is not substantiated. Offender should submit this grievance in the normal manner.

____/____/____
Chief Administrative Officer's Signature          Date

was treated as legal mail and not opened outside my presence.  See, the
attached legal mail receipt, attached hereto.  As the attached legal mail
receipt shows, as far back as November 20, 2006, mail from the Illinois
House of Representatives was received by Stateville's mailroom and treated
as legal mail.  This grievance attacks Stateville's policy of opening
"legal mail" outside my presence in violation of 20 Ill. Admin. Code.
§525.110(f)(11); and (2) Stateville's withholding the delivery of legal
mail addressed to me for over 3 and a half months.

*Exhibit J*

DATE:       July 8, 2007

TO:         Stateville Grievance Officer

FROM:       Jesse M. Hatch, N-32521
            Unit D-536

RE:         June 15, 07 Denial Of Grievance


     I am grieving the Counselor's Response to my grievance dated June 15, 2007, in which Counselor Shirley Roberts denied my grievance that concerned the opening of legal mail from the Illinois Legislature. Specifically, the Counselor denied my grievance because of what she deemed I was receiving legal document under the Freedom of Information Act, they "...are not considered legal mail." Such a response does not address my grievance. If, the mail was not opened and read to determine that I used the FOIA to get legal materials from the Illinois Legislature, then the Counselor would have no answer for the opening of the legal mail. Also, mail from the Illinois Legislature, the House of Representatives is clearly legal mail, that cannot be opened outside the presence of the inmate.

     The Counselor's Response also failed to address the issue of why it took 3 and a half months from the institution receiving the mail, until it was delivered to me. The Counselor gave no explanation to this part of my grievance. It is clear that there is no reasonable explanation for withholding legal mail for over 3 and a half months.

JMH/jmh

ILLINOIS DEPARTMENT OF CORRECTIONS

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report |
| --- |

Date Received: July 11, 2007          Date of Review: July 11, 2007          Grievance # (optional): 0770

Committed Person: Jesse Hatch                                                   ID#: N32521

Nature of Grievance: Legal Mail

**Facts Reviewed:** Grievant alleges his legal mail was delivered as regular mail and took three and a half months to receive it.

**Counselor Response:** Due to these being requested through FOI request, they are not considered legal mail. Memo received, tape picked up, then delivered. Counselor Thompson was not notified these were considered "legal"

This Grievance Officer reviewed grievance and concurs with counselor response. In addition, mail is processed as it comes in and there is no malicious intent substantiated in withholding mail.

**Recommendation:** Grievance denied.

Tammy Garcia
Print Grievance Officer's Name                          Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
| --- |

Date Received: 7-18-07        ☒ I concur        ☐ I do not concur        ☐ Remand

Comments:

W. McCann
Chief Administrative Officer's Signature                                    7-18-07
                                                                            Date

| Committed Person's Appeal To The Director |
| --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response if applicable, and any pertinent documents.)

Jesse N Hatch                          N32521        8-6-07
Committed Person's Signature            ID#            Date

*Exhibit "L"*

Mr. Jesse M. Hatch
Register Number N-32521
Post Office Box 112
Joliet, Illinois 60434


August 06, 2007


Illinois Department Of Corrections
Administrative Review Board
1301 Concordia Court
P.O. Box 19277
Springfield, Illinois 62794-9277

Re:   Stateville Grievance #0770

Dear Members Of The Board:

     I am appealing the denial of my grievance by Stateville officials
regarding the opening of legal mail; and the 3½ months in the delivery
of legal mail.  The opening of my legal mail has been an ongoing problem
here at Stateville, and this is just the latest in these events.   The
Grievance Officer's response first fails to acknowledge the 3½ month
delay in giving me legal mail.   Nowehere does the Counselor's Response
or the grievance Officer explain why it took 3½ months to deliver my
legal mail to me.

     The Grievance Officer also tries to explain away why the legal
mail from the Illinois House of Representatives, was opened to begin
with.   Mail from the House of Representatives is clearly defined as
"legal mail", and should not have been opened.   But, because the mail
contained an audio tape of the House of Representatives proceedings,
it was opened and withheld for 3½ months.   There is no excuse for the
mailroom officer to not know that mail from the House of Representatives
should not have been opened, as it is legal mail.   The Grievance
Officer's Response does little to explain why the mail was opened to,
begin with.   It has attempted to state that the mail was in response
to a Freedom Of Information request that I made, so therefore the
mail was not privileged.   This is no answer.   First, the mailroom
officer would have had to open and read my mail to determine that it
was an FOIA request.   The fact that the mail was from the House of
Representatives was enough to stop mailroom officials from opening
and reading the mail to determine that it was in response to my
FOIA request.   Further, because I have a pending court action regarding
the House of Representatives and the subject of the mail and audio tape
that was opened and withheld, defines the mail as privileged.   Accord,
Hatch v. Illinois Secretary of State, et al., No. 07 MR 193, circuit
court of Sangamon County.

     The mailroom officials have interfered and delayed giving me my
legal mail for over 3½ months, and opened and inspected clearly marked
legal mail.   I am asking for monetary damages in the amont of $30,000.00
for this clear violation of my right to receive mail.

Sincerely,

*Jesse M. Hatch*

JMH/jmh

Exhibit CC M



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

October 15, 2007

Jesse Hatch
Register No.  N32521
Stateville Correctional Center

Dear Mr. Hatch:

This is in response to your grievance received on August 13, 2007, regarding Mailroom (3 1/2 Month Delay in Mail/Tape Feb 07-May 07), which was alleged to have occurred at Stateville Correctional Center. This office has determined the issue will be addressed without a formal hearing.

The Grievance Officer's report (0770) and subsequent recommendation dated July 11, 2007 and approval by the Chief Administrative Officer on July 18, 2007 have been reviewed.

Per Department Rule 525.110 mail from the Illinois House of Representatives is *privileged mail* and not *legal*. Additionally, Hatch states the mail from the Illinois House of Representatives was mailed in February 2007 and received in May 2007. However, the envelope provided as proof of date mailed did not show a date-stamp; therefore, this office cannot substantiate this claim.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration. It is, therefore, recommended the grievance be denied. However, Warden McCann is to reiterate to Mailroom Staff the importance of timely processing mail.

FOR THE BOARD: _____
Sherry Benton
Administrative Review Board
Office of Inmate Issues

**I concur. Warden McCann is to proceed accordingly.**

_____
Roger E. Walker Jr.
Director

cc:   Warden Terry McCann, Stateville Correctional Center
Mailroom, Stateville Correctional Center
Jesse Hatch, Register No. N32521

State of Illinois
Circuit Court of Cook County
Chancery Division
Dorothy Kirie Kinnaird, Presiding Judge
2403 Richard J. Daley Center
Chicago, Illinois 60602



D 036

Mr. Jesse M. Hatch
Register Number N-32521
Post Office Box 112
Joliet, IL  60434

Exhibit " N "



**OFFENDER'S GRIEVANCE**

| Date: Oct. 15, 2007 | Offender: (Please Print) Jesse M. Hatch | ID#: N-32521 |
|---|---|---|
| Present Facility: Stateville | Facility where grievance issue occurred: Stateville | |

**NATURE OF GRIEVANCE:**

- [ ] Personal Property
- [X] Mail Handling
- [ ] Restoration of Good Time
- [ ] Disability
- [ ] Staff Conduct
- [ ] Dietary
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] Transfer Denial by Facility
- [ ] Transfer Denial by Transfer Coordinator
- [ ] Other (specify):

- [ ] Disciplinary Report: _____ Date of Report _____ Facility where issued _____

0201

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** On October 10, 2007, I received through regular mail a letter clearly marked from Presiding Judge, Dorothy Kirie Kinnard, of the Circuit Court of Cook County, Illinois, 2403 Richard J. Daley Center, Chicago, Illinois, 60602. The mail was opened and inspected and read in violation of Departmental Rule 525.140(a),(b),(c), where such mail was opened ouside my presence. This practice of opening my clearly marked legal mail is an ongoing and continuing violation of my right to unfettered access to the court, and to correspond to state court judges without inspection and censoring such communication. This practice of opening and reading my legal mail has been ongoing for several years.

**Relief Requested:** Damages of $5000.00.

- [ ] Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

*Jesse M. Hatch* N32521 10, 15, 07
Offender's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 12, 13, 07   [ ] Send directly to Grievance Officer   [ ] Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277.

Response: This grievance was originally received in a timely manner but misplaced by counselor. Forward to mail room for response & return to counselor. 2nd request 1-9-08, once again, respon__. mail was mistakenly opened. M Thompson    M Thompson 1, 25, 08
Print Counselor's Name          Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___ / ___ / ___   Is this determined to be of an emergency nature?
- [ ] Yes, expedite emergency grievance
- [ ] No, an emergency is not substantiated. Offender should submit this grievance in the normal manner.

_____          _____
Chief Administrative Officer's Signature          Date

Distribution: Master File, Offender          Page 1          DOC 0046 (Rev. 3/2005)

Printed on Recycled Paper

ILLINOIS DEPARTMENT OF CORRECTIONS
**OFFENDER'S GRIEVANCE** (Continued)

and I have filed several grievances to this effect. Each time the mailroom responds that the mail was "mistakenly opened". I have attached a copy of the legal mail envelope clearly addressed from the Judge, and postmarked October 2, 2007.

Distribution  Master File; Offender

Printed on Recycled Paper

DOC 0046 (Rev. 3/2005)

Exhibit "A"

ILLINOIS DEPARTMENT OF CORRECTIONS

## RESPONSE TO COMMITTED PERSON'S GRIEVANCE

| Grievance Officer's Report | | |
| --- | --- | --- |

Date Received: February 4, 2008          Date of Review: February 4, 2008          Grievance # (optional): 0201

Committed Person: Jesse Hatch                                                          ID#: N32521

**Nature of Grievance:** Mail Handling

**Facts Reviewed:** Grievant alleges that his legal mail was opened outside of his presence and inspected. Grievant states that this practice is on-going and continued violation of his right to unfettered access to the court. Grievant states that this is an ongoing problem for years.

**Counselor Response:** This grievance was originally received in a timely manner but misplaced by counselor. Forward to mailroom for response and return to counselor. 2nd request 1-4-08, once again, response is : mail was mistakenly opened.

Upon further review from Grievance Office, finds that this officer took the actual envelope to show the mailroom staff and she states that it was mistakenly opened. It appears that there was no malicious or deliberate intent to open grievant's legal mail. Unable to substantiate monetary awards.

**Recommendation:** Grievance is denied.

Ami Workman
_____          _____
Print Grievance Officer's Name                    Grievance Officer's Signature
(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response | | |
| --- | --- | --- |

Date Received: 2-7-08          ☒ I concur          ☐ I do not concur          ☐ Remand

Comments:

_____          2-7-08
Chief Administrative Officer's Signature                    Date

| Committed Person's Appeal To The Director | | |
| --- | --- | --- |

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Jesse M. Hatch          N32521          2-13-08
_____
Committed Person's Signature                    ID#                    Date

*Exhibit "Q"*

# Illinois
## Department of
# Corrections

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277 / Springfield IL 62794-9277 / Telephone: (217) 558-2200 / TDD: (800) 526-0844

May 29, 2008

Jesse Hatch
Register No.  N32521
Stateville Correctional Center

Dear Mr. Hatch:

This is in response to your grievance received on February 22, 2008, regarding Mailroom (Staff Opened Legal Mail 10/10/07), which was alleged to have occurred at Stateville Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

This office has reviewed your written grievance dated October 15, 2007 regarding the above issue.

The Grievance Officer's report (0201) and subsequent recommendation dated February 4, 2008 and approval by the Chief Administrative Officer on February 7, 2008 have been reviewed.

Based on a total review of all available information, and in accordance with DR504.850, it is the opinion of this office that the grievance is ruled mixed. While Mailroom Staff advised that the mail was opened by mistake, Warden McCann is to reiterate to Mailroom Staff Department Rule 525 (as it relates to the processing of mail). This office will stress that Legal Mail should not be opened unless in the presence of the receiving offender. Award for monetary damages is denied.

FOR THE BOARD: _____
Sherry Benton
Administrative Review Board
Office of Inmate Issues

I concur. Warden McCann is to proceed as directed above.

_____
Roger E. Walker Jr.
Director

cc:   Warden Terry McCann, Stateville Correctional Center
      Mailroom Staff, Stateville Correctional Center
      Jesse Hatch, Register No. N32521